By the Court:
As the amount involved is less than three hundred dollars, this court has jurisdiction of the case only by reason of the constitutionality of a statute being drawn in question, and our decision must therefore be confined to the question that gives us jurisdiction, •and the other questions argued in the brief of counsel for plaintiffs in error have not been considered, and are not decided, for the reason that we are without jurisdiction as to those questions in this case.
Section 7014, Revised Statutes is as follows:
“Whoever sells, assigns or transfers any claim or [for] debt against a resident of this state for the purpose of having the same collected by proceedings in attachment in courts outside of the state, or whoever, with intent to deprive a resident of this state of a right to have his personal earnings exempt from application to the payment of his debts, sends out of this state any claim for debt against such person for *334 the purpose aforesaid, where the creditor and debtor and the person or corporation owing the money intended to be reached by such proceedings are within the jurisdiction of the courts of this state, shall be fined not more than fifty nor less than twenty dollars, and the person whose personal earnings are so attached shall have a right of action before any court of this state having jurisdiction, to recover the amount attached, and any costs paid by him in such attachment proceedings, either from the person so assigning, selling, transferring or sending such claim out of this state to be collected as aforesaid, or the person to whom such claim is assigned, sold, transferred or sent as aforesaid, or both, at the option of the person bringing such suit. The' assignment, sale, transfer- or sending of such claim to a person not a resident of this state, and the commencement of such proceedings in attachment shall be considered primafacie evidence of a violation of this section; and any person, or the agent of such person, who purchases, any claim within this state with the intent aforesaid, shall be subject to the fine herein provided.”
The purpose of this section is to protect our citizens, •in their rights relating to homesteads and exemptions, and as the statutes on that subject are constitutional, any statute which is reasonably in aid of' the right must also be constitutional, unless it should conflict with some other part of the constitution. We-find no such conflict. The section in question only prevents our own citizens from resorting to a sharp-trick or practice in another state to defeat the provisions of our exemption laws; and the general assembly has full powers to so protect our citizens.
Judgment affirmed.